UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ROSEMARIE CURZIO FARELLA, | ) |
| Plaintiff, | ) |
| v. | ) No. 8:24-cv-01653 |
| BLACKWELL RECOVERY D/B/A CONCORD SERVICING CORPORATION | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, ROSEMARIE CURZIO FARELLA ("Plaintiff"), through her attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, BLACKWELL RECOVERY D/B/A CONCORD SERVICING CORPORATION ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained

1

within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Tampa, Hillsborough County, State of Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in the City of Scottsdale, Maricopa County, State of Arizona.

13. Defendant is a business entity engaged in the collection of debt within the State of Florida.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect a consumer debt from Plaintiff originating from a timeshare account with Legacy Vacation Resorts.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. At all times relevant hereto, Legacy Vacation Resorts owned the alleged debt.

23. At all times relevant hereto, Blackwell Recovery was engaged by Legacy Vacation Resorts to collect the alleged debt.

24. Within the last year, Defendant began calling Plaintiff's personal cellular telephone at xxx-xxx-6617 in an attempt to collect the alleged debt.

25. Defendant calls Plaintiff from 866-493-6393 in an attempt to collect the alleged debt, which is one of Defendants' telephone numbers.

26. On or around September 18, 2023, Plaintiff answered Defendant's call and spoke with one of Defendant's collectors.

27. During the above-mentioned conversation:

   a. Defendant's collector advised it was attempting to collect a debt originating from Legacy Vacation Resorts owed by Plaintiff's husband.

   b. Plaintiff disputed the debt Defendant was attempting to collect by advising Defendant's collector she was not her husband and therefore did not owe the alleged debt.

    c. Despite the forgoing, Defendant's collector insisted Plaintiff owed the debt and that she was her husband.

    d. Plaintiff requested that Defendant stop calling her.

28. Despite the foregoing, Defendant continued to call Plaintiff unabated, including within seven days of the aforementioned conversation.

29. Plaintiff answered numerous of Defendant's collection calls, and continued to request that Defendant stop calling her.

30. Despite the foregoing, Defendant continued to call Plaintiff unabated.

31. On October 05, 2023, Plaintiff's attorney sent Defendant Cease-and-Desist correspondence to Defendant in which Plaintiff's attorney notified Defendant that counsel represented Plaintiff and requested that Defendant stop calling Plaintiff.

32. Despite the foregoing, Defendant's collector continued to call Plaintiff unabated, including but not limited to on December 18, 2023.

33. Within the last year, Defendant left the following voicemail message on Plaintiff's telephone:

    a. "Hi this is Oscar Jimenez calling from Blackwell Recovery please contact me or any of the company representatives at 480-214-0994. Thank you."

34. Defendant is or should be familiar with the FDCPA.

35. Defendant's collectors know or should know that the FDCPA prohibits continued calls to consumers when the collector knows the consumer is represented by counsel.

36. Defendant's collectors know or should know that the FDCPA requires disclosing to debtors that the debt collector is attempting to collect a debt and any information will be used for that purpose.

37. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

38. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

39. Defendant employed the foregoing debt collection tactics in an attempt to coerce Plaintiff into making payment to Defendant.

40. Defendant's above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff repeats and re-alleges paragraphs 1-40 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

42. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692c(a)(2) of the FDCPA by communicating with the consumer if the debt collector knows the consumer is represented by an attorney with respect to the debt when Defendant called Plaintiff despite receiving counsel's cease and desist letter;

    b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff despite her requests that Defendant stop calling, when Defendant called Plaintiff within 7 days of having a conversation with her about the alleged debt, and when Defendant attempted to contact Plaintiff after receiving Cease-and-Desist correspondence

from Plaintiff's attorney;

c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff despite her requests that Defendant stop calling, when Defendant called Plaintiff within 7 days of having a conversation with her about the alleged debt, and when Defendant attempted to contact Plaintiff after receiving Cease-and-Desist correspondence from Plaintiff's attorney;

d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff's request for Defendant to stop calling her, and when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector, when Defendant left a voicemail on Plaintiff's telephone and failed to include the aforementioned disclosure;

f. Defendant violated § 1692f of the FDCPA by using fair or unconscionable means

6

    in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

    g. Defendant violated section 1006.14 of Regulation F (12 CFR 1006.14) by placing a telephone call to a particular person in connection with the collection of a particular debt within a period of seven consecutive days after having had a telephone conversation with the person in connection with the collection of such debt, when Defendant spoke with Plaintiff about the debt on September 18, 2023, and called her in connection with the collection of the same debt multiple times in the same week thereafter.

WHEREFORE, Plaintiff, ROSEMARIE CURZIO FARELLA, respectfully requests judgment be entered against Defendant, BLACKWELL RECOVERY D/B/A CONCORD SERVICING CORPORATION, for the following:

43. Actual damages, to be determined at trial;

44. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

45. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

46. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### DEFENDANT VIOLATED THE
### FLORIDA CONSUMER COLLECTION PRACTICES ACT

47. Plaintiff repeats and re-alleges paragraphs 1-40 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

48. Defendant violated the FCCPA based on the following:

    a. Defendant violated §559.72(7) of the FCCPA by willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, when Defendant continued to call Plaintiff despite her requests that Defendant stop calling, when Defendant called Plaintiff within 7 days of having a conversation with her about the alleged debt, and when Defendant attempted to contact Plaintiff after receiving Cease-and-Desist correspondence from Plaintiff's attorney;

    b. Defendant violated §559.72(18) of the FCCPA by communicating with a debtor knowing that the debtor is represented by an attorney with respect to such debt when Defendant called Plaintiff despite receiving Cease-and-Desist correspondence from Plaintiff's attorney.

WHEREFORE, Plaintiff, ROSEMARIE CURZIO FARELLA, respectfully requests judgment be entered against Defendant, BLACKWELL RECOVERY D/B/A CONCORD SERVICING CORPORATION, for the following:

49. Actual damages, to be determined at trial;

50. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

51. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

52. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

53. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: July 11, 2024          By:          /s/ Shireen Hormozdi Bowman
                                           Shireen Hormozdi Bowman
                                           FL Bar No.: 0882461
                                           Hormozdi Law Firm, LLC
                                           1770 Indian Trail Lilburn Road
                                           Norcross, GA 30093
                                           Tel: 678-395-7795
                                           Cell: 678-960-9030
                                           Fax: 866-929-2434
                                           shireen@norcrosslawfirm.com
                                           Attorney for Plaintiff